UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Keith Richard Rossberg,

        Petitioner,

v.

Warden Eddie Miles,

        Respondent.

Case No. 17-cv-719 (DWF/SER)

REPORT AND RECOMMENDATION

---

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Keith Richard Rossberg's ("Rossberg") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") [Doc. No. 1] and Respondent Warden Eddie Miles's (the "State") Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss") [Doc. No. 9]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636(b) and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends the Motion to Dismiss be granted, the Habeas Petition be denied, and this case be dismissed.

I.    BACKGROUND

    A.    **Background in State Court**

Following a jury trial, Rossberg was convicted of the first-degree premediated murder of Devan Hawkinson ("Hawkinson"). *State v. Rossberg*, 851 N.W.2d 609, 614–15 (Minn. 2014) [hereinafter *Rossberg I*]. Rossberg was sentenced to life in prison without the possibility of release. *Id.* at 615. Rossberg appealed, and the Minnesota Supreme Court affirmed his conviction. *Id.* at 612. In particular, the Minnesota Supreme Court agreed that the state district court erred in admitting *Spreigl* evidence but found that the error did not entitle Rossberg to a

new trial "because there [was] no reasonable possibility that the wrongfully admitted evidence significantly affected the verdict."[1] *Id.* at 616 (internal quotation marks omitted). The Minnesota Supreme Court also found that the state district court erred in admitting testimony regarding Hawkinson's fear of Rossberg, but determined that error was harmless. *Id.* at 619. The Minnesota Supreme Court rejected Rossberg's remaining arguments. *See id.* at 615–20. Rossberg did not petition the United States Supreme Court for review. *See* (Habeas Pet. at 3).[2]

On June 4, 2015, Rossberg filed his Petition for Postconviction Relief ("Postconviction Petition"), which was assigned to the Honorable Elizabeth Strand, the same state district court judge who presided over Rossberg's trial. *See* (Ex. 6, Attached to App.) [Doc. No. 11-6]; (Register of Actions, Ex. 15, Attached to App.) [Doc. No. 11-15 at 294];[3] *see Rossberg v. State*, 874 N.W.2d 786, 789 (Minn. 2016) [hereinafter *Rossberg II*]. Rossberg's Postconviction Petition acknowledged that it was submitted "without factual support" in order to toll the one-year statute of limitations for federal writs of habeas corpus. (Postconviction Pet. at 159–60). At the same time, Rossberg moved the court to allow him sixty days to file an addendum because he was unable to obtain sufficient time in the prison law library "to research his issues and to find the appropriate case law." (Postconviction Pet. at 160–61). Judge Strand denied the Postconviction Petition. (Order, Ex. 10, Attached to App.) [Doc. No. 11-10]. Judge Strand found that all of Rossberg's claims—with one exception—could have or were raised before the Minnesota Supreme Court and therefore postconviction review was not warranted. (*Id.* at 182). Although

---

[1] *Spreigl* evidence refers to "evidence of another crime, wrong, or act." *See Rossberg I*, 851 N.W.2d at 615 (internal quotation marks omitted) (citing Minn. R. Evid. 404(b); *State v. Spreigl*, 139 N.W.2d 167 (Minn. 1965)).
[2] When referring to the Habeas Petition, the Court uses the page numbers assigned by CM/ECF.
[3] When referencing particular page numbers in the exhibits attached to the Appendix, the Court refers to the document number of the exhibit and the consecutive page numbers assigned to the Appendix as a whole.

Rossberg's claim of ineffective assistance of appellate counsel could not have been addressed on direct appeal, Judge Strand concluded Rossberg was not entitled to an evidentiary hearing on that claim because he did not show that "[a]ppellate [c]ounsel's performance was not objectively reasonable, and . . . but for [a]pellate [c]ounsel's errors, the result of the direct appeal would have been different. (*Id.*). Rossberg's motion to file an addendum was also denied. *Rossberg II*, 874 N.W.2d at 789. Following Judge Strand's decision on his Postconviction Petition, Rossberg filed a motion to disqualify her because she presided over Rossberg's trial and because she "work[ed] . . . with the [district attorney]'s office assisting in the investigation and charging [Rossberg] with [Hawkinson's] murder." *Id.* (internal quotation marks omitted) (alterations in original). Judge Strand denied the motion because "Rossberg's allegations regarding her former employment were factually incorrect." *Id.*

The Minnesota Supreme Court affirmed upon appeal. *See generally id.* Although the Minnesota Supreme Court found Judge Strand erred in not referring the disqualification motion to the chief judge, the error was harmless. *Id.* at 790. The Minnesota Supreme Court also found that Judge Strand did not abuse her discretion in denying Rossberg's Postconviction Petition and motion for additional time to file an addendum. *Id.* at 790–91.

### B.   Background in Federal Court

Rossberg filed his federal Habeas Petition on March 1, 2017.[4] Rossberg seeks release based on a number of errors: (1) he was unlawfully detained on a firearms charge during the murder investigation; (2) ineffective assistance of trial and appellate counsel; (3) Judge Strand was biased against him; (4) the trial court erred in admitting hearsay, character, and prior bad acts evidence; (5) he was erroneously denied the right to file a petition for postconviction relief;

---

[4] Although the Court received Rossberg's Habeas Petition on March 8, 2017, the filing date is the date Rossberg mailed it. *See* Rule 3(d), Rules Governing § 2254 Cases.

and (6) prosecutorial misconduct. (Habeas Pet. at 5–9); (Mem. in Supp. for Writ of Habeas Corpus) [Doc. No. 2 at 5–30].[5]

The State moved to dismiss, arguing Rossberg's Habeas Petition was untimely and his claims were procedurally defaulted. *See* (Mem. in Supp. of Mot. to Dismiss) [Doc. No. 10]. Rossberg responded to the Motion to Dismiss, and the matter is now ripe for adjudication. *See* (Pet'r's Resp. to Resp't's Opp'n to Habeas Corpus Relief, "Rossberg's Mem. in Opp'n") [Doc. No. 13].

The Court concludes that Rossberg's Habeas Petition is untimely.

## II. DISCUSSION

### A. Legal Standard

A federal court may review an application for a writ of habeas corpus filed on behalf of an individual under the judgment of a state court if the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established that a state prisoner must file for the writ of habeas corpus within one year from the latest of the following dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[5] The Court uses the page numbers Rossberg assigned to the Memorandum in Support for Writ of Habeas Corpus.

  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

### B. Analysis

#### 1. Timeliness

Nothing in Rossberg's submissions to the Court suggest that clauses (B), (C), or (D) of § 2244(d)(1) apply.

> In other words, there is no suggestion that the State created any unconstitutional impediment that prevented [Rossberg] from seeking federal habeas relief within the prescribed one-year limitations period, and [Rossberg] has not shown that his current claims are based on any new, retroactively applicable, constitutional ruling, or any new and previously undiscoverable evidence that could extend the deadline for seeking federal habeas corpus relief.

*See Abdulkader v. Minnesota*, No. 11-cv-897 (DWF/JJG), 2011 WL 2960223, at *2 (D. Minn. Apr. 25, 2011) (Graham, Mag. J.), *adopted by* 2011 WL 2910569 (Frank, J.) (July 20, 2011).

Therefore, the one-year limitations period began the day Rossberg's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). The Minnesota Supreme Court affirmed Rossberg's conviction on direct appeal on August 6, 2014. *See Rossberg I*, 851 N.W.2d 609. Although Rossberg did not petition the United States Supreme Court for a writ of certiorari, he had ninety days to do so. Sup. Ct. R. 13 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). Therefore, Rossberg's conviction became final ninety days after August

6, 2014—November 4, 2014. In other words the one-year limitations period began running on November 4, 2014, and would have expired on November 4, 2015.

Nonetheless, Rossberg's postconviction proceeding tolled this one-year limitations period, beginning on June 4, 2015. *Cf. Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired." (alteration in original) (internal quotation marks omitted)). Thus, the first period of time counted against the one-year limitation is November 4, 2014, to June 4, 2015, or 212 days. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005) ("State proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."). The tolling period lasted from June 4, 2015, to February 10, 2016, the date the Minnesota Supreme Court affirmed the state court's decision regarding Rossberg's Postconviction Petition. *Rossberg II*, 874 N.W.2d 786. This is because the limitations period is not tolled for the ninety-day period during which certiorari could have been sought for review of a postconviction decision. *See Snow v. Ault*, 238 F.3d 1033, 1035 (8th Cir. 2001); *see also Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Thus, the second period of time counted against the one-year limitations period is February 10, 2016, to March 1, 2017, when Rossberg mailed his Habeas Petition.[6] *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc) ("[A] *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court."), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (en banc). This second period of time is 385 days.

---

[6] The Court received Rossberg's Habeas Petition on March 8, 2017, so he could not have mailed it prior to that date. The Court assumes he delivered his Habeas Petition for mailing on the same day he signed it, March 1, 2017. *See Abdulkader*, 2011 WL 2960223, at *1 (taking same approach).

Adding both periods of time together, a total of 597 days that are not subject to tolling elapsed between the date Rossberg's conviction became final and the date he filed his Habeas Petition. This does not comport with the one-year statute of limitations established in 28 U.S.C. § 2244(d)(1), and therefore, Rossberg's Habeas Petition is untimely.

### 2. Equitable Tolling

Rossberg argues he was diligent regarding the federal habeas statute of limitations, "research time in the law library is limited[,] and requests by mail for legal documents seem to take a long time to receive." (Rossberg's Mem. in Opp'n at 1–2). Rossberg argues that if his Habeas Petition is considered untimely, the Court should "toll his time" in the interests of justice. (*Id.* at 2). The Court construes this as an argument that the one-year statute of limitations should be equitably tolled.

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010); *see also Maghee*, 410 F.3d at 476. Equitable tolling applies "where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction." *Maghee*, 410 F.3d at 476. "Petitioners are expected to diligently pursue their own post-conviction cases." *Id.*

Rossberg makes a conclusory statement that he has diligently pursued his rights. *See* (Rossberg's Mem. in Opp'n at 1). But the record does not support his argument. In particular, over a year elapsed between the Minnesota Supreme Court's decision on his Postconviction Petition and the filing of his Habeas Petition. In other words, even if there had not been an additional period of time between the final decision on direct appeal and his Postconviction Petition, Rossberg's Habeas Petition would still be untimely. Further, "lack of access to legal resources" and limited access to the prison library demonstrate neither extraordinary

7

circumstances nor diligence. *See Earl v. Fabian*, 556 F.3d 717, 724–25 (8th Cir. 2009). Therefore, equitable tolling is not applicable to excuse Rossberg's untimely Habeas Petition.

Because the Court finds the Habeas Petition is untimely, it does not address the State's alternative argument that Rossberg's claims are procedurally defaulted. The Court recommends the Motion to Dismiss be granted.

### III.   CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Rossberg's claims any differently than they have been decided here. Rossberg has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Rossberg not be granted a COA in this matter.

### IV.   RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Respondent Warden Eddie Miles's Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. No. 9] be **GRANTED**;

2. Petitioner Keith Richard Rossberg's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. If this Report and Recommendation is adopted, a certificate of appealability should not issue, and judgment should be entered accordingly.

Dated: October 24, 2017

                                                *s/Steven E. Rau*
                                                STEVEN E. RAU
                                                United States Magistrate Judge

**Notice**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).